We're calling our first case here. It's Young v. Experian Information Services. And Mr. Roth, I believe you are here on behalf of Experian, the appellant. So we'll give the ball to you. Do you want to reserve any time? I would like to reserve two minutes with your Honor's permission. All right. That's done. Please proceed. Thank you, Your Honor. The district court in this case held, first, that our motion to compel arbitration had to be evaluated using the Rule 56 summary judgment standards. And, second, that as a consequence of that, the motion had to be denied so that the parties could first engage in limited discovery. Right. And I understand that you don't disagree with the first piece of that. You agree that we're under Rule 56 standard. Your problem is with the second piece, correct? That's correct. That was my next sentence. The first step was correct. Okay. Yeah. Well, let's just, like, jump in on this because we've read your brief and everything. And, in fact, when I look at page 11 of your opening brief, you are quick to say that the non-movement, Mr. Zellman's client, had the burden to show a genuine dispute of material fact. What is your – that's a quote. You say summary judgment under which the non-movement must show a genuine dispute of material fact. That's page 11 of your brief. And my question to you is what's your burden? What is your burden to – before they have any burden, you're the movement. What's your burden? We have to show, Your Honor, that there's no genuine dispute of material fact and that we're entitled to judgment as a matter of law. Okay. So to just be clear, in the first instance, the burden to show there's no genuine issue of material fact, that lies on you. It's only when you come forward with some indication that there is not a genuine issue that they have some burden of moving forward, correct? That's correct. Okay. So what is it that you rely on to show there's just not any factual dispute here to contend with at all? Right. So what we submitted with the Williams Declaration is the evidence that she enrolled in CreditWorks and that by enrolling in CreditWorks, she clicked the button that assented to the terms of use and that the terms of use included the arbitration agreement. At that point, I would say it was on the plaintiff to come and not to show – I want to just clarify one thing. Ultimately, to oppose summary judgment, the party, the non-movement has to show a genuine dispute of material fact. I don't think that's the standard, though, for getting discovery. There's a lesser standard for getting discovery. That's the Rule 56D approach. So I think at that point, what she would have had to do is put one of those facts at least in issue in some way. Thank you. Yes. Yeah, Mr. Roth, you've gone exactly to where I wanted to go next, which is what does it mean to put something in issue? She comes forward and says, look, this is utterly unconnected. There's no connection between this credit services agreement arbitration that I signed and the Experian deal. And they haven't even contended that there is. I mean, that's in bold. They put it in bold in capital practically in their briefing. They've never said otherwise. Does that not put in issue? Or does it at least put it in issue? Your Honor, I think that puts in issue the scope question. In other words, does the claim fall within the scope of the agreement? But the scope dispute is not material to resolution of our motion because of the delegation clause. Right. So the thing that she has to put at issue in this context is formation. If there's no agreement to arbitrate, we can't move forward. That's the threshold thing the court has to find and decide in order to compel arbitration. And she did not put it in issue. And there's no dispute that she entered this after the Experian stuff happened. Right. statute of limitations issue was told for some reason. Is it your position that 15 years later, she signs an arbitration agreement with an entity which no ordinary consumer could know was possibly connected to Experian, that by that she had knowingly entered into an agreement with Experian, and therefore it was all scope because there was a delegation clause. No matter how remote in time and in corporate relationship, that does it. And that constitutes a knowing joining of an agreement with Experian. Your Honor, for purposes of delegating it to the arbitrator, yes. Of course she can make all of those arguments to the arbitrator. But under Henry Schein, the court's not supposed to look at whether the arbitrability question is weak, strong, groundless. It doesn't matter as long as that is the nature of the dispute. It gets sent to the arbitrator because there is an antecedent agreement to arbitrate arbitrability, which is in the agreement that she signed. Doesn't that get to be circular? Because by virtue of the hypothetical I've just given you, she didn't knowingly enter into any agreement with Experian. She had no idea that this was a related entity, and it came long, long, long after the fact. And your position is it doesn't matter. Sorry, Your Honor. If you're asking about the relationship of EIS to Experian, and the suggestion is she didn't know that by signing up for this, she was agreeing to arbitrate with Experian. I mean, that's resolved by the plain terms of the agreement. It says Experian right there in the definition of the party. So that I'm not even sure that's really what she's arguing. I think she's saying this is just unrelated to the agreement because it's about her credit report, not her credit monitoring. Your answer is really, you're complicating something that's really not that complicated. I mean, Judge Jordan may well be right. It is a circular argument, isn't it? But that's what we get under the FAA. If there's an argument that, well, I'm really not bound by this arbitration agreement because this dispute is beyond the scope of the arbitration agreement. And the reply is, well, you take that to the arbitrator. Yeah, that's circular. But that's the law that we live under. That's the arbitration land. That's the result. Well, I agree it's the result, Your Honor. I'm not going to agree that it's circular. I don't think it is circular because I think what this court has explained. It doesn't matter if it's circular. It doesn't matter if it's circular. I agree that that's the law, Your Honor, and that's what it is. But I think this court has actually explained it in cases like MZM and Zerpoli in a way that makes clear it's not. It isn't really circular because ultimately at the bottom, you've got to find an agreement. Some assent to arbitrate needs to be at the bottom at the base of this. It's not turtles all the way down. Right. That's the that's the foundation that we have to start from. But that is not disputed here. And that's really our point. She didn't come in and say, I don't remember signing this. You know, I didn't click that button. It didn't look that way when I signed it. She didn't say any of that. And she didn't even say I need to know that. You know, you didn't give any reason why she would need that evidence. She said, well, yeah, I agreed to this. But this this claim isn't covered. That's a classic scope question that is distinct from formation. It's about applicability. And that gets delegated under the delegation clause. And we do think that's that's sort of the end of it. But we, you know, we teed up this appeal because I think district courts have not. Some district courts have misunderstood the court's decision in Guadadi as requiring that discovery into arbitrability be provided in every case, regardless of what's at issue or not at issue. And I think that's an important question that that should be resolved. And the district courts who have read it that way, I think, are misunderstanding the decision. I think the way I read Guadadi, the court was saying we have you might be bound. You might have a rule 12B6 standard. You might have a rule 56 standard. But I don't think the court was changing the rule 56 standard. And it's pretty well established under rule 56. Discovery is not automatic in every case. You need to do something to put the material fact at issue or suggest discovery into something. And the material fact has to be formation of the agreement, right? That's correct, Your Honor. In this case, if you get that and there's an issue that's brought into play by the complaint or by the motion asking for arbitration, then you possibly could have you would have some discovery. That's correct. You're saying in this case there was no contract formation issue at all on the face of the complaint. Yeah. Now, so I take it that you're you're not saying Guadadi is wrongly decided. You're saying that Guadadi was wrongly applied here. Yes, that's right. In Guadadi and in case other cases applying Guadadi like Roman versus Prince Telecom, this court's decision last year applying Guadadi. When the person when the defendant came in with arbitration agreement, the other side in response said something like, well, we never saw this agreement before. You know, there are some discrepancies in the documents. You know, that's not the right date. That's not the right header. They raised questions and the courts, of course, said appropriately, well, you know, we need to do some discovery before we can sort this out because you're essentially denying that an agreement was ever entered. And in those cases make perfect sense to have some limited discovery. But that didn't happen here. And without putting something at issue, I don't think you get discovery as a matter of course. Let me let me switch gears a little bit because we're we're running low on your time here. There is a piece of this arbitration agreement which appears to reserve to the court the question of class arbitrability, right? If if I'm not mistaken, there there is a statement at 64 to 65 of the of the appendix, which says that any dispute related to the excuse me, any dispute related to mass arbitration is. Is something I see the court shall have the power to decide whether this agreement permits class or representative proceedings. That's right at the bottom. Yeah, I see that. Yes. Okay. So is that is that something that the district court could rightly have said? I think we need some discovery surrounding that. What is what exactly needs since that's clearly for the court by the terms of the agreement? Yes. Are you acknowledging that that's there's no discovery needed in association with that at all? The court just should make a decision on that before sending it to arbitration. Well, I don't think we I don't think we actually asked for that, Your Honor. I suppose that would be would have been our burden to say, you know, we want you to decide this question up front. I don't believe we asked for that. So it may be not properly preserved in this case. But I do think we said we need to make a decision first about whether class litigation is permitted by the agreement. And there was some reason to think discovery would bear on that question as opposed to just looking at the text of the agreement. Then that might present a different a different result in terms of discovery. I'm not sure what the discovery would be. I think it's a if the agreement is unambiguous. You're not going to look at sort of parole evidence on that question. So in any event, you're saying if you had an issue there, you forfeited it. Yeah, I think so. Okay. Now, I did have a another question for you, if I might. We. We did have some question that we presented to you folks. About unconscionability. Yeah, yeah. Where we asked specifically, is this the sort of thing that under New Jersey, because you'd agree, New Jersey law applies, right? Contract law. Yes. New Jersey contract law applies. Right. Yes, that's right. And and would you acknowledge that this is a contract of adhesion? This is something that's presented to a consumer. It's take it or leave it. It is take it or leave it. Yeah, I haven't. I confess I haven't studied New Jersey law and contracts of adhesion recently. But I, I, I don't believe there was an opportunity to negotiate the agreement. If that's the question. Okay, it's a classic contract of adhesion. I'm not sure there's anything unique about New Jersey law. This would be a textbook example of an adhesion contract. I'm not sure that changes your position or Mr. someone's position, but it's it's clearly an adhesion contract. Especially in light of the delegation clause, which talks about things relating to, among others, unconscionability being decided by the arbitrator. Right. So the question I believe that the court asked in the supplemental letter was about the permissibility of delegating unconscionability. Disputes to the arbitrator, which, in our view, was resolved by by rent a center by the Supreme Court in 2010, where they said you could result, you could delegate that question. Assuming the delegation clause itself is valid. The questions about any questions about the scope and possibility of the underlying agreement or underlying arbitration agreement would be delegated. The only thing you can't really delegate, at least not easily is formation formation again is the bottom layer that needs to be decided by the court first. Well, could formation ever be delegated. It's an interesting question, Your Honor. I what I've seen people speculate is that if you had multiple contracts. And in the first contract, you said any disputes about formation of subsequent contracts would be delegated, then perhaps. But it's a very unusual set of set of facts where formation could be properly delegated. I haven't seen it successfully done. And the answer that the Supreme Court seems to give in rent to center you degree is. If Ms. Young had said, wait a second. I challenged the delegate the delegation clause itself as unconscionable. Yeah, that would be for the court. Yes, you're right. But it wouldn't require discovery. I don't think because I don't know. At least I don't know. But she would at least have to explain what the discovery is that would bear on that issue and why it's necessary. And we would have a chance to respond to that if she didn't raise that argument. So it was never really put to the court again. The court just said categorical rule. It's rule 56. Therefore, you need discovery. And our simple point is that's not how rule 56 works for anything else. And there's no reason why arbitration should be treated worse than anything else in that in that regard. All right. Judge McKee or Judge Ambrose, anything further from you, brother? Nothing further. Thank you. Okay. Thank you, Mr. Roth. We'll have you back on rebuttal and we'll turn the mic over to Mr. Zellman. Thank you, Your Honor. I may have pleased the court. The district court properly denied experience motion to compel arbitration for plain and simple fact that they never carried their initial burn as a movement. Can I just can I just ask one factual question at the outset before we get into any analysis here on page four of the district court's opinion? It's stated that the quote plaintiff does not recall ever receiving the arbitration agreement. Close quotas on a seven. Where in her opposition brief or elsewhere did she ever state that? That that was not a position that we took in the lower court, Your Honor. I'm not sure how that made it into the district court's decision, although I believe that it changes the result in any way. OK, thank you. Well, yes. What is the discovery here that I keep scratching? That was that's my question. What is the discovery? What's the purpose of discovery? Absolutely, Your Honor. I should not be sitting here at oral argument on appeal after two rounds of briefing without having any clue of why experience believes that my claims arise out of or relate to this credit works agreement entered into. Well, after my client's claims accrued in a row, but does it doesn't matter. I agree. None of us should be sitting here today. But I think we disagree as to the reason for that. And it goes back to what I said earlier, the issue that you're raising stillness or whatever. Why isn't that something that clearly goes to the scope of the arbitration agreement, which you can see had the page here in front of us a few minutes ago. The scope goes to the arbitrator. So why are we sitting here? Had experience come to the district court and said this dispute is within the scope of the agreement because it arises or relates to disagreement for this and this reason, whatever the reason is make up a reason. Then, and I say, no, it clearly does not. The district court would not be able to decide that dispute because that would be delegated to the arbitrator through the delegation clause. That does not mean they get to skip the burden entirely. That is not what Henry Sheen said. And the Supreme Court has never said that Henry Sheen simply rejected this holy groundless exemption that was created by a number of the circuit courts. In that case, that came from the 5th circuit. And it said that if they say that it's within the scope, the court can't look at it and say, well, if it's holy groundless, we're just going to reject this argument and not send it to the arbitrator because it's so stupid. You can't do that. No, well, they don't say they skipped it entirely. They say we did exactly what we have to do. We put the document itself into evidence. You can read the document. If you go read pages 63 to 65, you see the arbitration clause. It says what it says. And among other things, it says scope is delegated to the arbitrator. And that's game up for you. That's their position. They say there is no fact issue. This is a pure matter of law. You agreed to it, and now having agreed to it, you're done. And that leads to the questions you're getting from the court now. How is your argument any different from a scope argument? Because it sounds like what you're saying is, wait, our dispute has nothing to do with the arbitration agreement. Isn't that just using more words to say our agreement is outside the scope of that arbitration agreement? I don't think it is, Your Honor. The way I see it is like this, right? Had they met their initial burden as a move-in, then the burden would shift to me. Hold up a second, Mr. Zellman. By saying had they met their initial burden, what is it about their putting that arbitration agreement in and pointing to it that does not meet their burden? Experian can't just pick up any random arbitration agreement off the shelf, wave it around, and say arbitration, let's go. It's not just any agreement. It's not unrelated to you. Your client signed it, right? Okay, so if your client signed it, and I think it is important, there doesn't seem to be an argument about formation here. You're not contesting it. She's never contested. In fact, you just seem to have acknowledged in this hearing that you don't know how it got into the district court's opinion that there's a question about this. She knowingly, effectively, electronically signed that agreement. That's a given, correct? I'm not disputing she clicked the button. Okay, and you're not... What about the result of that? I mean, yes, she pushed the button, but you're telling me that's not an agreement? Oh, I'm just using the words that Mr. Roth used in the beginning of this hearing. Let's go beyond that. By pushing the button, did she agree to the terms? Yes. Okay, so formation is not an issue, and that's their legal position. Their legal position is that doesn't. Formation is not an issue, and that's the only question given that scope is delegated to the arbitrator. So how do you get out of that box? I get out of the box by keeping and holding experience at the same standard required of any movement in court seeking any relief ever, which is simply you have to come to court and say, I have a contract. It covers this dispute, judge. Therefore, you have to rule in accordance with the contract. In light of Rent-to-Center, doesn't Rent-to-Center make clear and Henry Schein, don't they say, look, you can delegate scope. And if you want to fight that, you can't say, wait a second, I didn't delegate scope. If you want to fight that, you have to fight the delegation clause explicitly. You can't just say it's outside the scope. You have to show somehow that the delegation clause was flawed. No. What the Supreme Court has done in every decision, Rent-to-Center, and Suskie, and every prima facie payment, every single one in between has been to keep arbitration agreements on the exact same level and the same standard as any other contract. When we're requiring people to give up their rights to go to court because of some adhesion contract, we adhere to this fiction that they are contracts like any other one. And we're going to enforce it the same way. And all I'm saying is, there's no exception in the burden that is applied to move-ins seeking to enforce this contract as any other contract. You could have argued, relying upon the fact that this is an adhesion contract, you could have argued that it is therefore void ab initio, and the whole arbitration clause goes away because there is no underlying agreement. But that's not, I think you're probably losing argument given Rent-to-Center, but you could have made the argument. But that's not what we have here. And it seems to me that as long as the arbitration includes within it, within the delegation clause, the word scope being delegated, if we don't honor that, that becomes the exception to ease up the rule. Because then after that, every person that wants to avoid an arbitration obligation will simply say, well, this particular obligation was not within the scope of our arbitration agreement. So we have to, when scope is in the arbitration agreement, we have to honor that and take it pretty broadly, that if it is arguably and in good faith within the scope, then that goes to the arbitrator. Otherwise, the whole FAA goes out the window. So let's talk about that, Your Honor. How is this within the scope? Nobody has said that to this point. I know there's not, but I know the industry has decided that. That's not the issue. It's not the issue about how is it within the scope. And I know the issue, you might have something. The issue you're being pressed on, yeah, the issue you're being pressed on is how do you get away from the agreement that you, not you personally, Mr. Selman, but that your client agreed that scope was going to go to the arbitrator. Look, you've said Henry Schein doesn't say that. Here's what the Supreme Court says Henry Schein says. This year, like within the last month or two in Coinbase, it says, quoting Henry Schein, parties can agree by contract that an arbitrator rather than a court will resolve threshold arbitrability questions as well as underlying merits disputes. Close quote. Quoting Henry Schein, is scope not an underlying arbitrability issue? I have never at this point in this litigation, your honors, argued that this is without outside the scope of the agreement. What I've simply argued is they have never met their initial burden to demonstrate that this contract covers this argument. Wait a second. Isn't that just saying scope with more words? Absolutely not. Why not? Look, let's explain. If Ms. Young is walking on the street, and she gets run over by an Experian-owned vehicle, and then they come to court and they say, oh, you can't bring this personal injury case in court because we have an arbitration agreement. We're all going to look at them a little funny and say, wait, the arbitration agreement says these claims have to arise out of a related disagreement. How does this have to do with anything? She just got run over by a car. But if you had agreed that all disputes related to this agreement were going to go to an arbitrator, and you had a delegation clause that said, and scope is a question that's going to go to an arbitrator, well, maybe down the road you would be able to say if the arbitrator decided against you and say getting hit by a bus comes out of the agreement, that they had disregarded the plain meaning of the agreement. And, hey, you shouldn't enforce this arbitrator's agreement. And that would be ultra vires by the arbitrator to have decided it in that fashion. But you would have to go to the arbitrator first because you delegated it to the arbitrator, right? They have to go to the arbitrator if they make that initial argument saying you have to go to arbitration because your claims arise out of a related disagreement. But here, hear me out. Your honors. There's 2 law firms on experience side at this point. There's in the lower court. They had 30 attorneys in that firm. They have over 2400 at Jones. They experienced couldn't find a single attorney who is willing to put their name to that sentence. This dispute arises out of a relates to this agreement because X. it has never happened in the record before this for, and as a reason for that, they have never met their initial burden. And as a result, the burden has never shifted to me as a non movement to try to raise an issue about this arbitration agreement. Let's just just for a moment, assume that we thought that you were wrong about that. And if you were wrong about that, would you agree that the district court had applied with daddy incorrectly? Because it said. Good daddy has a, a, a categorical rule that everything goes to discovery whether or not there's a fact issue. With daddy simply said that once the motion and it's a direct quote, once the motion is converted to a motion for summary judgment, reasonable allowance must be made for the parties to obtain discovery. I don't think that the district court misapplied with daddy in any way. With daddy also says, and I'll quote in any time the court must make a finding to determine arbitrability. That's what you're arguing. Pre arbitration discovery may be warranted. It sounds permissive. If the, if the district court took may. And said, no, it just has to go always. Would that be error? I think that it's a largely academic question for this appeal, because this is this is not a case where it's presented an issue that. You know, they've shown their prima facie case. And I have no dispute on that. And therefore, the court said, well, you still have to go to arbitration. This is not that case. Your honor. In this case, they never if it were that case, would you agree that it's problematic? If it were that case, that reasonable allowance to be made for discovery, I disagree with what experience argument essentially is, is that well, 56 rule 5060 governs that we have to follow the rules on the rule 5060. Saying that we apply summary judgment like standards to emotion to compel arbitration is different than saying that all the rules on the roof of the 6 apply. For example, the local rule in New Jersey 56.1 says that you have to submit a number of statement of facts with all the evidence in the record. And if you don't, it will be denied. Right? That doesn't apply to emotions to compel arbitration. Applying a summary judgment like standard doesn't mean that this whole body of summary judgment law necessarily comes in, such as rule 5060. That's for summary judgment motions. Let's be real. But what I'm talking about here specifically here. We're talking about a situation where they didn't connect this agreement to this dispute at all. They just. They just said, hey, arbitration, let's go. And then when I point it out on this appeal that no 1 here has ever made the argument that this dispute arises out of, or relates to disagreement, isn't isn't what you just said. A challenge to the scope of the agreement. No, but they failed to make any connection between the. Fcra claims and the unrelated arbitration agreement. Isn't that a challenge to the scope of the agreement? No, it's a challenge to the fact that they never connected. They never made that connection as we would expect any. Okay. We all agree at the outset that this is not a challenge to the formation of an agreement. So, that argument you just made, what is it a challenge to if it is not scope? I am challenging the applicability of this random contract to this case. We're going to send this person, this woman to arbitration. You know, attorney. Unelected unappointed who is going to make these decisions. In a case where she didn't ever contemplate or read that something like this would ever apply here. This is not a scope issue your honor. And again, they couldn't make it a scope issue. They absolutely can make it a scope issue if they had wanted to, but they never did because on the rule 11, they never could have. But the argument you are you are now making is she failed to make any connection that you've used in your briefs and now just today or argument. Between the claims and the arbitration agreement. What is that if it isn't a challenge to the scope of the agreement? It's a challenge to the fact that the burden has never shifted. In this case, they have never met the burden. You got to answer my question. 1st, what is that? If it's not a challenge to the scope of breath, whatever word you want to use of the agreement. I don't know your honor that. That you have to use a word like, oh, we're challenging formation or we're challenging scope or I'm simply saying this is a random agreement. Well, it has something to do with you because your client signed it. So that much we've agreed on. Okay. But you're in the county. Yeah, your time is your time is expired. Mr. Zellman, unless unless Judge McKeon, judge Ambrose have any further questions for you. No, no, thanks. No, I do not. Okay. Well, thank you. Mr. Zellman. Mr. Roth has. A couple of minutes for rebuttal. Thank you, your honors. I understand. Council's argument to be that we failed to argue. That this dispute was covered by. The agreement, I guess a few responses to that. For 1, it's not what the district court said in denying the motion. It doesn't support discovery, even if it were true. It has nothing to do with discovery. You just look at the agreement. To figure that out. Number 3, the whole premise of the motion to compel arbitration is that this claim is arbitrable. That's why we filed a motion to compel arbitration. And in fact, we explain on it's a page 836. Of the appendix, we explain there's 2 paragraphs there. The 1st, 1 explains why the agreement covers experience as an affiliate and the 2nd explains the relationship. Between credit works and her claim. So, that is the explanation for why it's connected. It's right there in the opening brief. And then at page 847 of the opening brief. We said, if there is any dispute over whether plaintiffs claims fall within the scope of the arbitration agreement, that issue is also. Also is to be decided by an arbitrator. So we made the broader point that. To the extent there have any disagreement on that front. Uh, that appropriately has to go to the arbitrator under the delegation clause. Um, and that antecedent agreement is enforceable regardless. Of any of this now that, you know, I understand. We have to, you know, we have to write something in this. Unfortunately, what's what? Mr. Roth, what do you think has led lower courts to be confused? What needs to be fixed? Your honor, I think the court simply needs to make clear. That under good daddy, if emotionally compel arbitration. Falls into the 2nd category, right? The rule 56 category. That the ordinary principles governing governing summary judgment adjudication. Apply, which, in other words, discovery may be warranted. Maybe. And, you know, counsel quoted the reasonable allowance. Yes. Reasonable allowance. What's reasonable depends on the case. It depends on the arguments that are raised. There are cases where arguments are raised regarding formation where factual development is necessary. And there are cases where the arguments raised in response to the motion. Do not require a discovery. We cited match check and triola as 2 district court examples where there were rule 56 standards. The court applied rule 56, but didn't say we need discovery because the issues were of the sort. That could be resolved on the papers because they concerned either validity or scope or other things that did not require discovery. That's all we think. The court needs to do here, but I think it would be very helpful for the court to do it. 1 quick 1 quick question, just thinking down the road. Would discovery be warranted in a case of the arbitration agreement did not delegate to the arbitrator issues regarding the scope and enforceability of the agreement. Only if discovery was needed to resolve the scope issue. So, you know, in that hypothetical, the court would have to resolve scope. Upfront, and it may be that in order to resolve scope, the court would need some factual development, or maybe not. So, it would turn on the specifics of that case. Ordinarily, a scope dispute is resolved by looking at the terms and looking at the complaint and seeing if 1 falls within the other. And you don't ordinarily get into discovery, but I can't rule out. There might be some case where it would be appropriate. That's why you need the reasonable allowance for discovery. It depends on the particulars of the case. Just thinking about is if the arbitration. If scope and enforceability were somehow a fact issue, perhaps there would be discovery. Okay, thank you judge Mickey anything. Nothing further. Thanks. Okay. I think judge Ambrose done so my thank you counsel. We appreciate your arguments today and the briefing. We've got the matter under advisement and we'll go ahead and conclude this session of court.